UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-23976-CIV-SEITZ/SIMONTON

THE VICTORIA SELECT INSURANCE
COMPANY,

             Plaintiff,

v.

RCVR LOGISTICS CORP., *et al.,*

             Defendants.

_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on Plaintiff's Motion for Final Summary Judgment [DE-25], which the Court will also consider as a Motion for Final Default Judgment against Defendant RCVR Logistics Corp. (RCVR). Plaintiff's single count complaint seeks a declaratory judgment determining that Plaintiff does not have a duty to defend or indemnify RCVR from the claims asserted against it by Defendant Parra in the underlying state court lawsuit. RCVR is in default and has not responded to the Motion for Final Summary Judgment. Moreover, Parra concedes the Motion because there are no issues of material fact concerning coverage. *See* DE-35. Because there are no issues of material fact, the Motion for Final Summary Judgment is granted.

## I. Undisputed Material Facts

Defendant Parra filed a one count complaint for negligence against RCVR in Florida state court. (DE-1-2.) That complaint alleges that, on January 15, 2011, Parra was using a delivery truck owned by RCVR, to deliver a mattress on behalf of RCVR, when the door of the truck slammed shut on Parra's hand and crushed his left thumb and fingers. (*Id.*) Parra sued RCVR for negligently failing to maintain the truck, creating a dangerous condition, permitting the truck

to remain broken, failing to warn of the truck's condition, and failing to adhere to applicable

rules and regulations.  (*Id.*)

Plaintiff issued a Florida Business Auto Policy to RCVR for the period beginning April

12, 2010 and ending April 12, 2011.  (DE-1-1.)  The policy contains the following provisions:

SECTION II - LIABILITY COVERAGE

A. COVERAGE
We will pay all sums, an insured legally must pay as damages, other than punitive or
exemplary damages, because of bodily injury or property damage to which this insurance
applies, caused by an accident and resulting from the ownership, maintenance or use of a
covered auto.

* * *

B. EXCLUSIONS
This insurance does not apply to any of the following:

* * *

4. EMPLOYEE INDEMNIFICATION AND EMPLOYERS LIABILITY
Bodily Injury to:

a.      An employee of any insured arising out of and in the course of employment by the
        insured; or

b.      Performing the duties related to the conduct of the insured's business; or

c.      The spouse, child, parent, brother or sister of that employee as a consequence of
        paragraph a. above.

This exclusion applies:

    1)      Whether the insured may be liable as an employer or in any other capacity;
            and
    2)      To any obligation to share damages with or repay someone else who must
            pay damages because of the injury.

But this exclusion does not apply to bodily injury to domestic employees not entitled to
workers' compensation benefits or to liability assumed by the insured under an insured
contract. . . .

(DE-1-1 at 11-12.)  The policy includes the following definitions:

SECTION V - DEFINITIONS

* * *

G.      Employee includes leased workers and temporary workers.

H.      Insured means any person or organization qualifying as an insured in the Who Is
An Insured provision of the applicable coverage.

* * *

R.      Temporary Worker means a person who is furnished to you to substitute for a
permanent employee on leave or to meet seasonal or short-term workload
conditions. Temporary worker also means a person or organization who
contracted or agreed with you to provide to you goods or services in connection
with your business activities.

(DE-1-1 at 18-20.)

RCVR was owned and managed by Linda Van Rhyn.  (Van Rhyn Dep. 6:15-20.)  The
business of RCVR was to deliver mattresses to customers on behalf of Select Comfort.  (*Id.* at
19:14.)  According to Van Rhyn, Parra was an employee of RCVR.  (*Id.* at 7:14-16.)  Van Rhyn
directed Parra as to when he had to pick up the mattresses everyday and what his route would be
everyday.  (*Id.* at 9:24-10:2; 10:21-11:4.)  Parra only delivered mattresses for RCVR, the truck he
used was owned by RCVR, and he did not have to provide any tools to do the job.  (*Id.* at 11:7-
11; 11:15-22.)  Parra did not need and did not receive any special training for the job.  (*Id.* at
15:6-16:3.)  RCVR was responsible for providing gasoline for the truck and for maintenance of
the truck.  (*Id.* at 12:9-22.)  Parra was paid at a daily rate of $100 per day, regardless of how
many hours he worked.  (*Id.* at 13:16-14:5.)  He was paid by check every two weeks.  (*Id.* at
14:6-11.)  Parra worked for RCVR for approximately a month or month and a half.  (*Id.* at 21:20-
25.)  At the end of the year, RCVR issued Parra a 1099.  (*Id.* at 21:11-19.)

3

## II. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting* Fed. R. Civ. P. 56(e)). The Court must view the record and all factual inferences therefrom in the light most favorable to the non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (*quoting Anderson*, 477 U.S. at 251-52)).

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A mere "scintilla" of evidence supporting the opposing party's position will not suffice; instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

### III. Discussion

Plaintiff moves for summary judgment because Parra's claim against RCVR is specifically excluded from coverage under the policy. Plaintiff asserts that the language of the policy excludes from coverage bodily injury to an "employee of [RCVR] arising out of and in the course of employment by the insured." Thus, because Parra's state court complaint alleges that Parra was injured while working on behalf of RCVR, Plaintiff is entitled to entry of a declaratory judgment finding that Plaintiff has no duty to defend or indemnify RCVR in Parra's state court action.

An insurer's duty to defend against a legal action arises from the allegations in the underlying complaint. *Higgins v. State Farm Fire & Casualty Co.*, 894 So. 2d 5, 10 (Fla. 2004). Thus, if the allegations in the underlying complaint do not bring the claim within the coverage of the policy, the insurance company does not have a duty to defend. *Auto-Owners Insurance Co. v. Marvin Development Corp.*, 805 So. 2d 888, 891 (Fla. 2d DCA 2001). If there is no duty to defend, there is no corresponding duty to indemnify because the duty to indemnify is narrower than the duty to defend. *Essex Insurance Co. v. Big Top of Tampa, Inc.*, 53 So. 3d 1224 (Fla. 2d DCA 2011). However, any doubt about the duty to defend must be resolved in favor of the insured. *Amerisure Insurance Co. v. Gold Coast Marine Distributors, Inc.*, 771 So. 2d 579, 580-81 (Fla. 4th DCA 2000).

The state court complaint alleges that when he was injured, Parra was "providing services" for RCVR and was "using a delivery truck owned by Defendant RCVR." Based on these allegations and the testimony of RCVR's owner, Van Rhyn, Plaintiff argues that Parra was an employee of RCVR and thus, not covered by Plaintiff's policy. Under Florida law, to

5

determine whether a person is an employee or an independent contractor, a court considers the following factors:

> (a) the extent of control which, by the agreement, the master may exercise over the details of the work;
> (b) whether or not the one employed is engaged in a distinct occupation or business;
> (c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
> (d) the skill required in the particular occupation;
> (e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;
> (f) the length of time for which the person is employed;
> (g) the method of payment, whether by the time or by the job;
> (h) whether or not the work is a part of the regular business of the employer;
> (i) whether or not the parties believe they are creating the relationship of master and servant; and
> (j) whether the principal is or is not in business.

*Kane Furniture Corp. v. Miranda*, 506 So. 2d 1061, 1063 (Fla. 2d DCA 1987).  Plaintiff asserts, and the Court agrees, that these factors weigh in favor of finding that Parra was an employee of RCVR.

RCVR controlled Parra's work by giving him his route each day.  Parra was not engaged in a distinct occupation and delivery of mattresses did not require a specialist or any special skills.  RCVR supplied and maintained the truck used by Parra.  Parra was paid by the day, not per job.  Delivering mattresses was RCVR's business.  Van Rhyn, the owner of RCVR, believed that Parra was an employee, not an independent contractor.  RCVR was in business.  Thus, almost all of the factors weigh in favor of finding that Parra was an employee of RCVR.  Accordingly, because Parra was an employee of RCVR at the time he was injured, Plaintiff's policy excludes Parra's injury from coverage.  Consequently, Plaintiff does not have a duty to defend or indemnify Parra in the underlying state court action.

Accordingly, it is

ORDERED that.

1. Plaintiff's Motion for Final Summary Judgment [DE-25] is GRANTED.

2. All motions not otherwise ruled upon are DENIED as moot.

3. The Court will enter a separate final judgment.

4. This case is CLOSED.

DONE and ORDERED in Miami, Florida, this __14__ day of November, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    All Counsel of Record